Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer RRP | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3198 | **DATE** | June 23, 2009 |
| **CASE TITLE** | Marcus Smith (R-53873) v. Chicago, Illinois Police, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion to file *in forma pauperis* [3] is granted. The court summarily dismisses the petition for a writ of habeas corpus without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Clerk is directed to send Plaintiff an *in forma pauperis* application, one copy of the civil rights complaint form, and instructions for filing, along with a copy of this order.

■ [For further details see text below.]  Docketing to mail notices.

### STATEMENT

     Petitioner Marcus Smith brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Although Petitioner has entitled his filing "Petition for a Writ of Habeas Corpus", the language in his "Request for Relief" demonstrates that he is seeking money damages for violations of his constitutional rights, relief available in an action under 42 U.S.C. § 1983.

     It is well settled that an inmate's challenge to the fact or duration of a sentence of imprisonment must be brought in a § 2254 habeas action (such as Smith's pending case No. 09 C 1346), while challenges to the conditions of his confinement must be brought in a civil rights action under 42 U.S.C. § 1983. *See Glaus v. Anderson*, 408 F.3d 382, 386-87 (2005). In the instant action, Petitioner is claiming violations of his rights during his arrest, not the fact or duration of his sentence. He therefore should have filed a civil rights action under 42 U.S.C. § 1983, not a § 2254 petition. This court cannot convert Petitioner's habeas action to a civil action, *see Copus v. Edgerton*, 96 F.3d 1038 (7th Cir. 1996), because of the many differences between habeas petitions and civil litigation brought by prisoners, including exhaustion, difference in filing fees, and screening for strikes. *Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004). The court therefore will dismiss this habeas petition without prejudice. If Petitioner wants to bring a § 1983 action in regard to the alleged assault, then he should use the forms for filing a § 1983 complaint.

     The court grants Plaintiff's motion for leave to file *in forma pauperis* but summarily dismisses without prejudice the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

| | Courtroom Deputy Initials: | AWL |
|---|---|---|